IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JONATHAN WAYNE MOORE**                                         **PETITIONER**

**V.**                                   **CIVIL ACTION NO. 3:19CV315 HTW-LGI**

**WARDEN C. RIVERS**                                                 **RESPONDENT**

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Before the Court is Jonathan Wayne Moore's petition for habeas relief under 28 U.S.C. § 2241.  Moore is currently in federal custody serving a 180-month term of imprisonment imposed by the United States District Court for the Eastern District of Kentucky for being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g) and 924(a)(2).  Following the sentencing court's denial of his successive motions to vacate pursuant to 28 U.S.C. § 2255, Moore now seeks to utilize the savings clause of § 2255(e) to challenge the legality of his sentence enhancement under the Armed Career Criminal Act ("ACCA") based on *Mathis v. United States*, 136 S. Ct. 2243 (2016).  As relief, Moore requests that this court vacate his sentence and resentence him without the ACCA enhancement, or alternatively, at the low-end of the guidelines or grant him an immediate release.  Because sentencing challenges do not fall within the scope of the savings clause of § 2255(e), the undersigned recommends that the petition be dismissed with prejudice for lack of jurisdiction.

A federal prisoner may seek post-conviction relief under either § 2241 or § 2255, but the mechanisms are distinct.  *St. Junius v. Boyle*, 729 F. App'x 326 (5th Cir. 2018)

(citing *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000)). A § 2255 petition is "the primary means of collaterally attacking a federal sentence" and is properly brought in the district of conviction, while a § 2241 petition "is used to challenge the manner in which a sentence is executed" and is properly brought in the district of incarceration. *Robinson v. United States*, 812 F.3d 476 (5th Cir. 2016) (internal quotation marks and citation omitted)). A § 2241 habeas petitioner cannot raise, in the district of incarceration, an issue which was raised, or could have been raised, in a § 2255 motion filed in the district of conviction.[1] However, if a prisoner can show that the § 2255 remedy would be "*inadequate or ineffective to test the legality of [the prisoner's] detention*," he may be permitted to bring a habeas corpus claim pursuant to § 2241 under the savings clause of 2255(e). *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001) (emphasis in original) (citation omitted). Section 2241 is not a mere substitute for 2255, however, and a § 2241 habeas petitioner bears the burden of proof. *Garland v. Roy*, 615 F.3d 391, 394 (5th Cir. 2010). If the § 2255 remedy is not shown to be inadequate or ineffective, then the district of incarceration lacks jurisdiction to entertain the § 2241 petition.

To invoke this exception and this court's jurisdiction, a petitioner must make a two-prong showing: (1) that his claim is based on a retroactively applicable Supreme Court decision establishing that the petitioner may have been convicted of a nonexistent

---

[1] "To entertain a § 2241 habeas petition, the district court must, upon the filing of the petition, have jurisdiction over the prisoner or his custodian." *United States v. Brown*, 753 F.2d 455, 456 (5th Cir. 1985), 28 U.S.C. §§ 2242-2243. At the time of filing, Petitioner was in the custody of the Federal Correctional Institute-Low in Yazoo City. Although he has since been transferred to a new facility, this court has jurisdiction to entertain his § 2241 petition, notwithstanding his transfer to a different facility and custodian. *Griffin v. Ebbert*, 751 F.3d 288, 290 (5th Cir. 2014).

offense; and, (2) that it was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, direct appeal, or first § 2255 motion. § 2255(e). *Reyes-Requena*, 243 F.3d at 904 (5th Cir. 2001.

Relying on the first prong, Moore argues that his claims fall within the savings clause of 28 U.S.C. § 2255(e) because *Mathis v. United States*, 579 U.S. 500, establishes that his prior convictions are no longer predicate offenses for the purposes of a sentencing enhancement under the ACCA. However, *Mathis*-based claims do not satisfy the test for the savings clause of § 2255(e) for two reasons. *Pisciotta v. Harmon*, 748 F. App'x 634, 635 (5th Cir. 2019). "*Mathis* neither sets forth a new rule of constitutional law nor applies retroactively to cases on collateral review." *Id.* (citing *In re Lott*, 838 F.3d 522, 523 (5th Cir. 2016) (indicating *Mathis* is not retroactively applicable to cases on collateral review because *Mathis* did not announce a new rule of constitutional law)). *See also, e.g., United States v. Wiese*, 896 F.3d 720, 725 (5th Cir. 2018), *as revised* (Aug. 14, 2018) (stating same in the context of a second or successive § 2255 motion). Moreover, "*Mathis* implicates the validity of a sentence enhancement and does not establish that [Moore] was convicted of a nonexistent offense." *Pisciotta*, 748 F. App'x at 635.

Moore's reliance on out-of-circuit authority to assert that the savings clause should be extended to encompass sentencing enhancements is unavailing. Though in denying his § 2255 appeal, the Sixth Circuit suggested that he "may still file a petition under 28 U.S.C. § 2241, challenging his ACCA sentence enhancement," Sixth Circuit precedent does not control here. *See Moore v. United States*, 2019 U.S. App. LEXIS 4167, at * 7 (Feb. 11, 2019) (citing *Hill v. Masters*, 836 F.3d 591, 596 (6th Cir. 2016) (holding that

3

"28 U.S.C. § 2255(e)'s savings clause permits a federal prisoner to bring a § 2241 petition targeting his sentence enhancement if he can show: "(1) a case of statutory interpretation, (2) that is retroactive and could not have been invoked in the initial § 2255 motion, and (3) that the misapplied sentence presents an error sufficiently grave to be deemed a miscarriage of justice or a fundamental defect." *Ginter v. United States*, No. 16-5377, 2017 WL 4570519, at *1 (6th Cir. June 12, 2017) (holding Kentucky third-degree burglary no longer ACCA predicate offense after *Mathis*).  The Fifth Circuit has long held that "a claim of actual innocence of a career offender enhancement is not a claim of actual innocence of the crime of conviction and, thus, not the type of claim that warrants review under § 2241."  *In re Bradford*, 660 F.3d 226, 230 (5th Cir. 2011); *see also Melendez v. Hanson*, 810 F. App'x 370 (5th Cir. 2020) (same) (affirming *Melendez v. Hanson*, No. 2:18-CV-00256, 2019 WL 2374122, at *5 (S.D. Tex. June 5, 2019) adopting *report and recommendation Melendez v. Hanson*, No. 2:18-CV-256, 2019 WL 2371947 (S.D. Tex. Jan 11, 2019) ("[A]lthough Melendez attempts to rely on precedent from other circuits regarding whether a petitioner can bring a § 2241 cause of action to challenge a sentence enhancement, primarily *Hill v. Masters,* 836 F.3d 591 (6th Cir. 2016), those cases are of no avail where binding Fifth Circuit precedent squarely holds that a claim of actual innocence of a career-offender enhancement is insufficient to invoke § 2241.").

Because Moore challenges the validity of his sentence, his claims "must be addressed in a § 2255 petition, and the only court with jurisdiction to hear that is the court that sentenced him." *Ojo v. I.N.S.*, 106 F.3d 680, 683 (5th Cir. 1997) (citing *Cox v.*

4

*Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990)). Although his requests for post-conviction relief have been unsuccessful, he cannot rely on § 2241 to circumvent the procedural bars of § 2255. None of Moore's remaining arguments are relevant or warrant application of the savings clause exception. Absent the savings clause, this Court is without jurisdiction to consider his § 2241 petition and the undersigned recommends that it be dismissed with prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party may serve and file written objections within 14 days after being served with a copy of this Report and Recommendation. Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation shall bar that party from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

Respectfully submitted on March 29, 2022.

s/ LaKeysha Greer Isaac  
UNITED STATES MAGISTRATE JUDGE